Filed 5/21/15  P. v. Campos CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B256158 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA130738) |
| v. | |
| VICTOR ADALBERTO CAMPOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Brian F. Gasdia, Judge.  Affirmed.

Eileen M. Rice, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Victor Adalberto Campos was convicted, following a jury trial, of one count of assault with a deadly weapon in violation of Penal Code section 245, subdivision (a)(1). The trial court sentenced appellant the mid-term of three years. Appellant was awarded 646 days of presentence custody credit.

Appellant appeals from the judgment of conviction. Finding no error, we affirm.

Facts

At about 3:30 a.m. on June 19, 2014, Joseph Gonzalez was awoken by his dog's barking and the voice of his mother, telling him she heard something outside. Gonzalez went outside to investigate and saw a person running away. Gonzalez noticed that both mirrors on his car had been cleanly broken off and were lying on the ground next to the car. Gonzalez also saw a flashlight on the ground. He recognized it as belonging to appellant, who used to live next door to Gonzalez.

Gonzalez got into his car and began to make a u-turn to chase the intruder. Appellant came out of some bushes to the side of Gonzalez and hit the car with a machete. Gonzalez tried to maneuver the car, but ended up stuck back where he had started.

Gonzalez did not have a cell phone to call police, so he got out of the car. Appellant was standing there with the machete raised. Gonzalez grabbed appellant's hand and moved appellant's arm down, but the machete hit Gonzalez in the forehead and hand in the process. Gonzalez and appellant began to fight. Appellant said he was going to kill Gonzalez's parents.

Gonzalez was able to hit appellant in the face and ribs, and to prevent appellant from hitting him with the machete. Appellant started screaming, "Help me, he's trying to kill me." Several people came out of their houses, and saw appellant on top of Gonzalez, with the machete at his throat. Gonzalez then briefly got control of appellant, but appellant was able to get away. However, appellant was stopped by his son Jovanny Campos. Police arrived, and found the machete on the ground.

At trial, Jovanny testified that when he came outside, appellant was on top of Gonzalez and was holding a machete. Jovanny believed appellant was trying to push the machete into Gonzalez, so he grabbed appellant from the neck and pulled him off Gonzalez.

Jovanny also testified that appellant had previously confronted Gonzalez because he believed Gonzalez was having an affair with Carmen, appellant's estranged wife Carmen Campos. Gonzalez responded by challenging appellant to fight. Appellant's son did not believe that Carmen and Gonzalez were having an affair. Appellant's son testified that appellant had previously tried to get into their house uninvited. On one occasion, he broke the front window and police were called.

Appellant's daughter Julia Campos also testified. She was home the night of the incident, heard her father yelling her brother's name, and woke him up. Julia did not go outside until police and an ambulance arrived. According to Julia, there was no interaction between her family, including her mom, and Gonzalez.

Appellant testified in his own defense at trial, after a medical episode in which appellant claimed that he was in pain because jail medical personnel had failed to provide him with his pain medication. Appellant's counsel moved for a mistrial, arguing that if appellant were not provided his pain medication, it would violate his Fifth Amendment right to testify and would impair counsel's ability to provide effective representation. Counsel also contended that appellant would not be able to obtain medication soon enough to alleviate his pain before testifying. The trial court delayed the start of trial until the afternoon and denied the mistrial motion. At 1:30 p.m., appellant stated that he felt able to testify.

Appellant testified that on the date of the incident, he went to his family's home to pick up a hoe and a machete he needed for a gardening job. He got there about 3:30 a.m. He retrieved the tools from the crawlspace under the house. When he went to his truck, Gonzalez was in his car, backing up toward him. Gonzalez hit him and he fell on Gonzalez's car, breaking the window. Gonzalez then got out of the car, knocked appellant to the ground and began hitting him. Appellant cut Gonzalez during the

struggle. Gonzalez broke appellant's ribs and appellant began yelling for his son to help. The fight ended when Jovanny arrived and told Gonzalez to let appellant go.

Appellant did not come to the area to challenge or provoke Gonzalez. He did not like Gonzalez, but had no intention of physically harming him. Appellant believed he never had the upper hand over Gonzalez in the fight.

Discussion

Appellant filed a timely notice of appeal, and we appointed counsel to represent him on appeal. Appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.

On February 13, 2015, we advised appellant he had 30 days in which to personally submit any contentions or issues which he wished us to consider. This letter was returned, and we sent a second letter to appellant at a new address on April 2, 2015. This letter was also returned. There is no other known address for appellant.

We have examined the entire record and are satisfied appellant's attorney has fully complied with her responsibilities and no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

4

Disposition

The judgment is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


GOODMAN, J.[*]

We concur:


TURNER, P.J.


KRIEGLER, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.